Argued April 7, affirmed April 27, 1960

WEST ET UX *v.* MOONEY ET AL

351 P. 2d 446

*Alberta Heffron,* Eugene, argued the cause and filed a brief for appellants.

*Wolf D. Von Otterstedt,* Eugene, argued the cause for respondents. On the brief were Husband & Johnson, Eugene.

Before McAllister, Chief Justice, and Rossman, O'Connell and Harris, Justices.

HARRIS, J. (Pro Tempore)

Plaintiffs, David C. West and Grace E. West, husband and wife, allege in their fourth amended complaint that defendants Marion Mooney and Lloyd Mooney are copartners; that defendants Don Snyder and Paul Snyder are copartners, and defendants James Jones and Hester Jones are copartners doing business as Hester Lumber Company; and that the Mooneys and Snyders were engaged in logging as a joint venture. Plaintiffs further allege that they own certain real property in Lane county, together with a valuable stand of timber growing thereon; that defendants on or about August 6, 1955, and thereafter, without lawful authority, entered upon their property and cut and removed approximately 100,000 board feet of timber. In second and third causes of suit plaintiffs allege that defendants wrongfully cut and removed other timber from plaintiffs' property. The prayer of the complaint is for an injunction restraining defendants from entering the plaintiffs' property and removing further timber and for damages for the wrongful removal of timber from plaintiffs' property.

Defendants in their answer allege that on or about June 1, 1952, defendant Marion Mooney and the plaintiffs entered into an agreement whereby for a con-

sideration of $1,000 and other valuable considerations given by defendant Marion Mooney, plaintiffs sold to him all the merchantable timber growing on said property, including the right to go upon the premises to cut and remove said timber, which right was to continue until December 1, 1955, and that any cutting done by defendants was pursuant to said agreement. The court entered a decree in favor of defendants, from which the plaintiffs have appealed.

While the fourth amended complaint is silent relative thereto, it is clear from the preceding complaints filed by plaintiffs (which were admitted in evidence) that the latter sold to the defendant Marion Mooney (through whom the other defendants claim) the right to cut and remove timber on the tract in question.

This is confirmed by a letter addressed to the defendants Jones (Hester Lumber Co.) by plaintiffs' former counsel under date of November 13, 1953, which states in part as follows:

"It is my understanding that you propose to remove certain timber which you have purchased from Marion Mooney, *which timber is a 40 acre tract that Mr. West sold to Mr. Mooney about one year ago,* the same being: The N. W. quarter of the S. E. quarter, Section 27, Township 19, Range 1 West. *Mr. Mooney had a right to remove this timber over Mr. West's property, and you, as his successor will likewise have a right to do so.*

"It is my understanding, however, that Mr. Mooney contends that other timber which you have purchased from him may, under Mr. Mooney's agreement with Mr. West be removed over his property. This timber is not included in his agreement with Mr. Mooney and I will regard you in trespass if you remove any of the timber over Mr. West's land and over any of the roads thereof,

and I will likewise hold you liable for damages if you do so." (Emphasis supplied.)

This letter not only confirms the sale above mentioned, but also confirms the fact that the defendants Jones, as assignees of Mooney, "had a right to remove this timber over Mr. West's property." The only dispute mentioned in the letter is whether the Joneses had the right to remove over plaintiffs' property other timber which they had purchased from Mooney.

■■ We, therefore, concur in the conclusion of the trial court that plaintiffs intended to sell and defendant Mooney intended to purchase all the merchantable timber on the property in question, despite the fact plaintiffs testified they did not intend to sell the cedar timber on the tract.

The only issue remaining to be determined is whether or not the time for removal of the timber had expired when the defendants removed some portion thereof in August, 1955.

We hold that under the facts and the record in this case defendants had a reasonable time within which to remove the timber. What constitutes a reasonable time depends upon all the circumstances of any given case and all the facts showing conditions surrounding the transaction at the time of the execution of the contract, such as the amount of timber, the character thereof, and the facilities for marketing it. *Rayburn et ux. v. Crawford et ux.,* 187 Or 386, 211 P2d 483. Also, in the absence of an express agreement concerning the time for removal of the timber, the court may take into consideration the course of dealings between the parties and their conduct in relation to the entire transaction.

As heretofore stated, a dispute arose between the

parties concerning the use of certain roads located on plaintiffs' property. In an attempt to resolve this dispute the record indicates that on November 18, 1953, all the parties to this lawsuit, with the exception of Mrs. West and Mr. Lloyd Mooney, met at the office of attorney Cecil Stickney in Eugene to discuss the timber contract between defendant Mooney and the Hester Lumber Company and to discuss a road easement over the plaintiffs' property. The trial court found, and in which finding we concur, that during the course of this meeting an agreement was reached by the parties that a reasonable time for the removal of certain other timber on adjacent lands over and across the lands of the plaintiffs would be until December 1, 1955, and that it seems clear from the record that such time was also consistent with what the parties considered to be a reasonable time for the removal of the timber on plaintiffs' property. Such a period of time would, in our opinion, be a reasonable time within which to remove the timber. In fact all the timber was removed by September, 1955, at the time plaintiffs obtained a temporary injunction and served it upon defendants.

We concur in the finding of the trial court that plaintiffs have not proved by a preponderance of the evidence that they are entitled to a forfeiture of the purchase price money which defendant Mooney turned over to plaintiffs or to a decree declaring defendants to be trespassers on plaintiffs' property in the removal of the timber in question.

The decree of the circuit court is, therefore, affirmed.